IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Burhan Alam, and ) | | |
| All Others Similarly Situated ) | Civil Action | |
| Plaintiffs, ) | File No. | |
| ) | | |
| v. ) | | |
| ) | Jury Demanded | |
| Kashif Abdul Kabani ) | | |
| Defendant. ) | | |
| ) | | |

**PLAINTIFF'S ORIGINAL CLASS COMPLAINT**

NOW COME PLAINTIFF, Burhan Alam, and all others similarly situated, and complain of Defendant Kashif Abdul Kabani ("Defendant" or "Mr. Kabani"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1.  This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.  This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendant's willful failure to pay overtime wages to Burhan Alam ("Mr. Alam" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendant.

## II.
## JURISDICTION AND VENUE

3.  Plaintiff, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendant pursuant to the FLSA, a federal statute.

1

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over Defendant because he conducts business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Burhan Alam**, Plaintiff, is a resident of Harris County, Texas. Plaintiff was an employee who worked as a clerk at a gas station and convenience store owned / operated / controlled by the Defendant.

8. **Members of the "Plaintiff Class"** are current and former hourly employees of Defendant who work, or worked, at one or more of Defendant's business establishments that collectively comprise an enterprise under the FLSA.

9. Defendant, **Kashif Abdul Kabani,** is an individual who may be served with summons and complaint at his residence at 5403 Oakville Court, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns (or owned), operates (or operated) and controls (or controlled) business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including the business where Plaintiff worked.

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

10. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

11. During the relevant period, Defendant has been an "employer" under 29 U.S.C. § 203(d), which the Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

12. The term has been interpreted to encompass one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975).

13. Defendant and his businesses are an integrated enterprise. Because the Defendant acted, directly or indirectly, in the interest of each employer with respect to each employee in the Plaintiff Class, Defendant was the employer of members of the Plaintiff Class.

14. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

## V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

15. Defendant was subject to the requirements of the FLSA because both "enterprise" and "individual" based coverage existed during the relevant period.

16. Individual coverage exists because in dispensing his duties for the Defendant as a gas station and convenience store clerk (i.e., including selling gasoline to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

17. Defendant's enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

18. Defendant has (or had) employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

19. In the course of owning, operating and controlling gasoline stations and convenience stores, Defendant's employees regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendant, and his enterprise, is thus "engaged in commerce" and worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

20. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, Defendant's enterprise had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

21. Defendant is an enterprise under 29 U.S.C. § 203(r)(1). Defendant engaged in related activities that are performed under common control by the Defendant, for a common business purpose, irrespective of the fact that such related activities are (or were) performed by one or more legal entity or business establishment.

22. Defendant is the employer for purposes of this collective action. 29 C.F.R. §791.2(b).

23. Specifically, Defendant employed each member of the Plaintiff Class and is deemed to have control over these employees, directly or indirectly, by reason of the fact that

Defendant's businesses where Plaintiff and the Plaintiff Class worked are (or were) under his common control. 29 C.F.R. § 791.2(b)(3).

24. Defendant and his businesses are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

25. Defendant owns, operates and controls (or owned, operated and controlled) the businesses where Plaintiff and members of the Plaintiff Class worked during the relevant period.

26. Also, during the relevant period, Defendant owned, operated and controlled a handful of gasoline stations and convenience stores.

27. Defendant possessed the authority to set wage and overtime policies for all of these businesses and their employees, including Mr. Alam.

28. The wage and overtime policies Defendant devised and implemented for his businesses violated the overtime pay provisions of the FLSA because Plaintiff and members of the Plaintiff Class worked overtime hours for which they received straight-time wages.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff seeks conditional certification under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

30. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two

determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

31. Collective action certification is appropriate as to all employees of the Defendant in this matter because Defendant and his businesses are related.

32. Plaintiff seeks notice to issue to all employees of Defendant who together were victims of Defendant's widespread and identical violations of the FLSA.

33. Defendant has (or had) a wide-spread policy and practice of paying his employees' wages only at their straight-time hourly rates.

34. This policy and practice violated the FLSA because it allows the Defendant not to pay his employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. § 207(a)(1).

35. By failing to document the pay owed to Plaintiff and to members of the Plaintiff Class, Defendant also committed repeated, consistent and continuing violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. § 211(c); 29 C.F.R. § 516. 29; and C.F.R. § 516.27.

36. Defendant owns, operates and controls (or owned, operated and controlled) a handful of gasoline stations and convenience stores, and Defendant sets a pay policy shared by all such business establishments.

37. The common policy is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

38. Members of the Plaintiff Class together have been victimized by Defendant's ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

39. Further, although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

40. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom Defendant denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

41. All current and former non-exempt employees employed by the Defendant's business establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

42. The class that Plaintiff seeks to represent is comprised of <u>all current and former employees 1) who worked at any business establishment located in Texas that was owned, operated and / or controlled by the Defendant during the class period, and 2) who did not receive overtime pay for hours worked in excess of forty (40) during one or more workweek</u>.

43. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

7

# VII.
# FACTS

44. Plaintiff Alam worked for the Defendant from August 17, 2018 until September 5, 2018, as a clerk at a gas station and convenience store owned, operated and/or controlled by the Defendant.

45. Plaintiff performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

46. Mr. Alam worked overtime hours during each workweek of his employment with the Defendant.

47. At the outset of his employment, Mr. Alam was promised pay at $13.00 per hour.

48. Mr. Alam did not receive $13.00 per hour for all of the straight-time hours he worked.

49. Further, Mr. Alam did not receive one and one-half times $13.00 per hour for the weekly overtime hours he worked.

50. Similarly, at all businesses owned, operated and/or controlled by Defendant, all clerks received no overtime pay for hours worked in excess of 40 during each workweek.

51. Defendant consistently failed to pay overtime wages to Mr. Alam and to all similarly situated clerks for which they now collectively sue under 29 U.S.C. § 216(b).

52. Plaintiff seeks collective action certification in order to litigate the unpaid overtime wages of all similarly situated clerks at all businesses that are / were owned, operated and/or controlled by Defendant.

53. Plaintiff also sues for his unpaid straight-time wages under 29 U.S.C. § 206.

# VIII.
# CAUSES OF ACTION

## Count I:
## Violation of the FLSA – Failure to pay overtime wages

54. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

55. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

56. During his employment, Mr. Alam worked overtime hours on a weekly basis upon Defendant's request.

57. Defendant informed Plaintiff that he would not receive any overtime pay despite working overtime hours.

58. Defendant indeed did not pay overtime wages to Mr. Alam or to the similarly situated non-exempt employees who worked as clerks at the businesses the Defendant owned, operated and/or controlled.

59. Defendant does not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked.

60. Defendant also does not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned.

61. Because Defendant has a wide-spread policy and practice of not paying his employees' overtime pay, Defendant violated 29 U.S.C. § 201, *et seq*.

62. Defendant's violations of the FLSA were willful as to Plaintiff and members of the Plaintiff Class.

63. As such, Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

64. Plaintiff and members of the Plaintiff Class further seek an additional equal amount as liquidated damages.

## Count II:
## Violation of the FLSA – Failure to pay straight-time wages

65. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

66. In addition to not receiving overtime wages, Mr. Alam did not receive all of his straight-time wages at the agreed upon rate of $13.00 per hour.

67. Plaintiff therefore sues for his unpaid straight-time wages under 29 U.S.C. § 206.

## IX.
## ATTORNEYS' FEES AND COSTS

68. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

69. Pursuant to 29 U.S.C. § 216(b), Plaintiff and members of the Plaintiff Class seek to recover their attorneys' fees and costs for prosecuting this action.

## X.
## JURY DEMAND

70. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

# XI.
# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Burhan Alam respectfully requests that upon final hearing, the Honorable Court grants Plaintiff and members of the Plaintiff Class relief against Defendant Kashif Abdul Kabani and his enterprise, jointly and severally, as follows:

a. Authorize the issuance of notice to all of Defendant's similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare that Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff and members of the Plaintiff Class their overtime wages at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period during the three-year lookback period;

c. Declare that Defendant violated 29 U.S.C. § 206 by failing to pay Plaintiff all of his straight-time wages at the agreed upon rate of $13.00 per hour;

d. Declare that Defendant's violations of the FLSA are willful;

e. Order Defendant to pay liquidated damages to Plaintiff, and to members of the Plaintiff Class, in an amount equal to the unpaid overtime wages;

f. Order Defendant to pay all reasonable attorneys' fees and costs as allowed under 29 U.S.C. §216(b);

g. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

h. Order all further relief, whether legal, equitable or injunctive, as may be appropriate to effectuate full relief to Plaintiff and members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
    **Salar Ali Ahmed**
    Federal Id. No. 32323
    State Bar No. 24000342
    One Arena Place
    7322 Southwest Frwy., Suite 1920
    Houston, Texas 77074
    Telephone: (713) 223-1300
    Facsimile: (713) 255-0013
    aahmedlaw@gmail.com

    **Attorney for Plaintiff**
    **Burhan Alam**